UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES Of THE BRICKLAYERS PENSION TRUST FUND - METROPOLITAN AREA; BRICKLAYERS AND TROWEL TRADES INTERNATIONAL PENSION FUND; BRICKLAYERS & TROWEL TRADES INTERNATIONAL RETIREMENT SAVINGS PLAN; BRICKLAYERS HOLIDAY TRUST FUND, METROPOLITAN AREA; TROWEL TRADES HEALTH AND WELFARE FUND - DETROIT AND VICINITY; BRICKLAYERS INTERNATIONAL MASONRY INSTITUTE; DETROIT METROPOLITAN MASONRY JOINT APPRENTICESHIP & TRAINING COMMITTEE; and the LABOR-MANAGEMENT COOPERATION COMMITTEE; trust funds established under, and administered pursuant to, federal law,

Case No. 09-13067
Honorable Julian Abele Cook, Jr.

Plaintiffs,

v.

SIGNATURE SEALANTS AND WATERPROOFING, INC. and JOHN D. SLAYTON, individually,

Defendants.

ORDER

This lawsuit arises out of claims by the Plaintiffs, Trustees of the Bricklayers Pension Trust Fund - Metropolitan Area, et. al. ("Funds"), all of whom contend that the Defendants, Signature Sealants and Waterproofing, Inc. ("Signature") and John D. Slayton ("Slayton"), failed to make monthly contributions to the Funds as required by the parties' forbearance agreement of June 30, 2008. In this lawsuit, the Funds seek to enforce this forbearance agreement and to secure a declaration of damages for the Defendants' past indebtedness to the Funds.

1

On February 25, 2010, the Funds filed a first amended complaint which has not been challenged by the Defendants as of this date.[1] Currently pending before the Court is the Funds' unopposed request for the entry of a summary judgment. For the reasons that have been stated below, the Funds' motion will be granted.

I.

In filing their amended complaint, the Funds seek a determination by the Court that Signature is "contractually obligated to the Bricklayers Funds and Bricklayers Union pursuant to the collective bargaining agreements it entered into with the Bricklayers Union." Additionally, the Funds have asked the Court to issue an order which (1) directs specific performance by the Defendants in accordance with the parties' collective bargaining agreements, (2) enforces the parties' forbearance agreement, and (3) enters a judgment against the two Defendants in an amount which reflects their indebtedness for unpaid fringe benefit contributions and liquidated damages.

According to the Funds, Signature conducts its business operations in the building and construction industry and, as such, it employs people who work as bricklayers. Signature was a party to a collective bargaining agreement ("CBA") with Local Union No. 1 of the International Union of Bricklayers and Allied Craftsmen (the "Bricklayers Union"). The Funds allege that the CBA required Signature to remit monthly fringe benefit contributions to a designated depository based upon the work performed by those employees who are represented by the Bricklayers Union.[2] When

---

[1] In an order on August 12, 2010, the Court granted the Funds' motion to strike an answer that Slayton, as a non-attorney, had attempted to file on behalf of Signature. Thereafter, the Court stayed the litigation for a period of thirty days to enable this business enterprise to retain an attorney. However, Signature remains unrepresented by counsel as of this date.

[2] In the amended complaint, the Funds specify that the fringe benefits included "pension, vacation and holiday, annuity and health and welfare [medical care]. . ." and deductions for dues.

Signature became delinquent in the payment of those contributions, the company – acting through its President, John Slayton – entered into a forbearance agreement ("Agreement") with the Funds on June 30, 2008. Under the terms of the Agreement, Signature covenanted to pay $58,703.01 in back fringe benefits for the period between May, 2007 through November 2007 in eleven monthly installments of $5,000. Slayton committed himself to be personally liable for the full indebtedness if Signature breached its obligations under the Agreement which contained the following language:

> Timeliness of payments . . . are the essence of this agreement. . . . Any delinquent, missing or less than full payment is a material breach of this agreement and releases the Funds [sic] obligation to forbear other remedies and entitles the Funds to immediate collection of any balance then owing via the LMRA, ERISA, or the collective bargaining agreement, without notice to Signature Sealants or John D. Slayton. . . . If, prior to completion of the payments owed under this agreement, enforcement of this agreement becomes necessary because any of its terms have been breached, Signature Sealants and John D. Slayton consent to entry of a Judgment against them upon a Complaint brought by the Funds in the United States District Court for the Eastern District of Michigan, for the entire unreduced amount owed by Signature Sealants through the work month of November, 2007, $58,703.01, less all payments made pursuant to this agreement, plus liquidated damages, statutory prejudgment interest, costs and attorneys fees, and hereby waives any defenses, in law or equity, that they may have.

(Agreement at 2, ¶ N). Slayton signed this Agreement on behalf of Signature, and for himself individually as the company owner.

In its complaint, the Funds contend that Signature - notwithstanding its commitment to future compliance - defaulted in its obligations under their Agreement by failing to make its monthly installment payments and fringe benefit contributions. They also note that despite having received a valid demand from the Funds, the Defendants have not cured their default. As a result, the Funds maintain that a revised audit reveals Signature's indebtedness to the Funds to constitutes $42,785.31 in unpaid fringe benefit contributions and $5,987.64 in liquidated damages. Of that figure, the Funds claim that $15,417.92 is owed for the period through November of 2007.

II.

The Funds contend that they are entitled to judgment as a matter of law for the fringe benefit contributions owed by the Defendants. In assessing a motion for summary judgment, the Court must examine the pleadings, discovery and disclosure materials on file, and any affidavits in a light that is most favorable to the non-moving parties. Fed. R. Civ P. 56©); *see United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984). Thus, it is the responsibility of the Court to determine "whether . . . there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

A dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving [parties]." *Id*. at 248. Hence, a summary judgment must be entered if (1) the submitted evidence in support of the dispositive motion clearly suggests that the contested matter is "so one-sided that [the proponent] must prevail as a matter of law," *id*. at 252, or (2) the opponents fail to present evidence that is "sufficient to establish the existence of an element essential to [their] case, and on which [they] will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Upon such a showing, the non-moving parties must act affirmatively in order to avoid the entry of a summary judgment in favor of the proponent . Fed. R. Civ. P. 56(e). More importantly, it should be noted that the mere presentation of a scintilla of supporting evidence is insufficient to offset an otherwise sufficiently submitted request for dispositive relief. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 252). Indeed, "[i]f the evidence is merely colorable or is not significantly probative, summary judgment may be

granted." *Anderson*, 477 U.S. at 249-50.

Here, the Defendants have not expressed any opposition to the arguments by the Funds, who assert that they are entitled to a summary judgment as a matter of law. It is the position of the Funds that both of the Defendants are fiscally responsible for the accrued debt during the month of November 2007, plus liquidated damages, statutory prejudgment interest, costs and attorneys fees. They also claim to be entitled to a judgment against Signature for the company's indebtedness after November of 2007, plus liquidated damages, statutory, interest, costs, and attorneys fees.

An interpretation of a contract is generally a question of law. *Cutler v. Spens*, 191 Mich. 603, 615 (1916). Where the terms of a contract are clear, a court must uphold the parties' agreement as written in the absence of fraud or mistake. *Electric Co. v. Pulp Paper Co.,* 278 Mich. 592, 596 (1937). They are to be enforced so as to effectuate the intentions of the parties. *Giguere v. Detroit Edison Co.,* 114 Mich. App. 452, 456 (1982). A task of the court is to interpret and enforce an unambiguous contract as written because it reflects the parties' intent as a matter of law. *Hastings Mut. Ins. Co. v. Safety King, Inc.*, 286 Mich. App. 287, 292 (2009).

Upon reviewing the Agreement and the supporting affidavit proffered by the Funds, it is clear to this Court that the parties have agreed that (1) Signature is a party to a collective bargaining agreement with the Bricklayers Union to which the Funds are third party beneficiaries, and (2) Signature is obligated to remit monthly fringe benefit contributions to the Funds based on the terms of that collective bargaining agreement. It is equally clear that the Agreement required the Defendants to pay $58,703.01 in back contributions from May 2007 through November 2007 according to a specific schedule. Moreover, the Agreement plainly states that John D. Slayton, "by his signature below, personally guarantees the indebtedness of Signature Sealants through the work

month of November, 2007 and the work month of April, 2008 . . . ." Tellingly, it further notes that "if . . . enforcement of this agreement becomes necessary . . . Signature Sealants and John D. Slayton consent to entry of a Judgment against them," in this Court, "for the entire unreduced amount owed by Signature Sealants through the work month of November, 2007, $58,703.01, less all payments made pursuant to this agreement, plus liquidated damages, statutory prejudgment interest, costs and attorneys fees, and hereby waives any defenses, in law or equity, that they may have." The Defendants have not offered any argument with which to contest the Funds' contention that it is entitled to a judgment to compensate them for their losses.

In the opinion of the Court, the terms of the parties' Agreement are clear and unambiguous. The Defendants specifically covenanted to be bound by the terms of the collective bargaining agreement and thus to repay their indebtedness to the Funds. Yet, they have failed to meet their responsibilities. The Defendants have not disputed that they signed the Agreement or that it imposes a clear set of obligations upon them. Nor have they proffered any argument or evidence which would suggest that the Agreement is invalid or that the Funds have misrepresented any of the relevant facts. Thus, the Court believes that there are no genuine issues of a material fact regarding the propriety of any of the Funds' claims. Accordingly, the Funds' request for the entry of a summary judgment in its favor must be, and is, granted.

III.

For the reasons that have been set forth above, the Court grants the Funds' motion for a summary judgment. In so doing, the Court (1) finds that Signature is contractually obligated to abide by the terms of the parties' collective bargaining agreements with the Bricklayers Union; (2) enters a judgment in favor of the Funds and against the Defendants, Signature and Slayton, in the amount

of $15,417.92 for the amount owed by Signature through the month of November 2007; (3) enters a judgment in favor of the Funds and against Signature in the amount of $27,367.39, representing Signature's indebtedness from the period from November, 2007; and (4) awards the Funds $5,987.64 in liquidated damages, in accordance with 29 U.S.C. § 1132(g)(2).[3]

    IT IS SO ORDERED.

Dated: January 10, 2011             s/Julian Abele Cook, Jr.
     Detroit, Michigan               JULIAN ABELE COOK, JR.
                                                     United States District Court Judge

---

[3]This provision provides in relevant part:
(2)     In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan--
         (A) the unpaid contributions,
         (B) interest on the unpaid contributions,
         (C) an amount equal to the greater of--
              (i)interest on the unpaid contributions, or
              (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
         (D) reasonable attorney's fees and costs . . ., to be paid by the defendant, and
         (E) such other legal or equitable relief as the court deems appropriate.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on January 10, 2011.

s/ Kay Doaks  
Case Manager
